Case 4:20-cr-00026 Document 598 Filed on 06/21/22 in TXSD Page 1 of 5

United States District Court
Southern District of Texas

**ENTERED**
June 21, 2022
Nathan Ochsner, Clerk

AO 472 (Rev. 11/16) Order of Detention Pending Trial

# UNITED STATES DISTRICT COURT
for the

Houston Division of the

Southern District of Texas

| | |
|---|---|
| United States of America ) | |
| v. ) | Case No. 4:20-cr-26 |
| ) | |
| Gustavo Garza Avalos ) | |
| *Defendant* ) | |

## ORDER OF DETENTION PENDING TRIAL

### Part I - Eligibility for Detention

Upon the

☒ Motion of the Government attorney pursuant to 18 U.S.C. § 3142(f)(1), or
☒ Motion of the Government or Court's own motion pursuant to 18 U.S.C. § 3142(f)(2),

the Court held a detention hearing and found that detention is warranted. This order sets forth the Court's findings of fact and conclusions of law, as required by 18 U.S.C. § 3142(i), in addition to any other findings made at the hearing.

### Part II - Findings of Fact and Law as to Presumptions under § 3142(e)

☐ **A. Rebuttable Presumption Arises Under 18 U.S.C. § 3142(e)(2)** *(previous violator)*: There is a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of any other person and the community because the following conditions have been met:

☐ **(1)** the defendant is charged with one of the following crimes described in 18 U.S.C. § 3142(f)(1):

☐ **(a)** a crime of violence, a violation of 18 U.S.C. § 1591, or an offense listed in 18 U.S.C. § 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 years or more is prescribed; **or**

☐ **(b)** an offense for which the maximum sentence is life imprisonment or death; **or**

☐ **(c)** an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Controlled Substances Act (21 U.S.C. §§ 801-904), the Controlled Substances Import and Export Act (21 U.S.C. §§ 951-971), or Chapter 705 of Title 46, U.S.C. (46 U.S.C. §§ 70501-70508); **or**

☐ **(d)** any felony if such person has been convicted of two or more offenses described in subparagraphs (a) through (c) of this paragraph, or two or more State or local offenses that would have been offenses described in subparagraphs (a) through (c) of this paragraph if a circumstance giving rise to Federal jurisdiction had existed, or a combination of such offenses; **or**

☐ **(e)** any felony that is not otherwise a crime of violence but involves:
**(i)** a minor victim; **(ii)** the possession of a firearm or destructive device (as defined in 18 U.S.C. § 921); **(iii)** any other dangerous weapon; or **(iv)** a failure to register under 18 U.S.C. § 2250; **and**

☐ **(2)** the defendant has previously been convicted of a Federal offense that is described in 18 U.S.C. § 3142(f)(1), or of a State or local offense that would have been such an offense if a circumstance giving rise to Federal jurisdiction had existed; **and**

☐ **(3)** the offense described in paragraph (2) above for which the defendant has been convicted was committed while the defendant was on release pending trial for a Federal, State, or local offense; **and**

☐ **(4)** a period of not more than five years has elapsed since the date of conviction, or the release of the defendant from imprisonment, for the offense described in paragraph (2) above, whichever is later.

☒ **B.  Rebuttable Presumption Arises Under 18 U.S.C. § 3142(e)(3)** *(narcotics, firearm, other offenses)*:  There is a rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community because there is probable cause to believe that the defendant committed one or more of the following offenses:

☒ **(1)** an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Controlled Substances Act (21 U.S.C. §§ 801-904), the Controlled Substances Import and Export Act (21 U.S.C. §§ 951-971), or Chapter 705 of Title 46, U.S.C. (46 U.S.C. §§ 70501-70508);

☐ **(2)** an offense under 18 U.S.C. §§ 924(c), 956(a), or 2332b;

☐ **(3)** an offense listed in 18 U.S.C. § 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 years or more is prescribed;

☐ **(4)** an offense under Chapter 77 of Title 18, U.S.C. (18 U.S.C. §§ 1581-1597) for which a maximum term of imprisonment of 20 years or more is prescribed; **or**

☐ **(5)** an offense involving a minor victim under 18 U.S.C. §§ 1201, 1591, 2241, 2242, 2244(a)(1), 2245, 2251, 2251A, 2252(a)(1), 2252(a)(2), 2252(a)(3), 2252A(a)(1), 2252A(a)(2), 2252A(a)(3), 2252A(a)(4), 2260, 2421, 2422, 2423, or 2425.

☒ **C.  Conclusions Regarding Applicability of Any Presumption Established Above**

☒ The defendant has not introduced sufficient evidence to rebut the presumption above, and detention is ordered on that basis. *(Part III need not be completed.)*

**OR**

☐ The defendant has presented evidence sufficient to rebut the presumption, but after considering the presumption and the other factors discussed below, detention is warranted.

## Part III - Analysis and Statement of the Reasons for Detention

After considering the factors set forth in 18 U.S.C. § 3142(g) and the information presented at the detention hearing, the Court concludes that the defendant must be detained pending trial because the Government has proven:

☒ By clear and convincing evidence that no condition or combination of conditions of release will reasonably assure the safety of any other person and the community.

☒ By a preponderance of evidence that no condition or combination of conditions of release will reasonably assure the defendant's appearance as required.

In addition to any findings made on the record at the hearing, the reasons for detention include the following:

☒ Weight of evidence against the defendant is strong
☒ Subject to lengthy period of incarceration if convicted
☒ Prior criminal history
☐ Participation in criminal activity while on probation, parole, or supervision
☐ History of violence or use of weapons
☐ History of alcohol or substance abuse
☒ Lack of stable employment
☒ Lack of stable residence

☒ Lack of financially responsible sureties
☒ Lack of significant community or family ties to this district
☐ Significant family or other ties outside the United States
☒ Lack of legal status in the United States
☒ Subject to removal or deportation after serving any period of incarceration
☐ Prior failure to appear in court as ordered
☒ Prior attempt(s) to evade law enforcement
☐ Use of alias(es) or false documents
☐ Background information unknown or unverified
☒ Prior violations of probation, parole, or supervised release

OTHER REASONS OR FURTHER EXPLANATION:
On June 10, 2022, the Court held a hearing to determine whether Defendant Gustavo Garza Avalos ("Defendant") should be held in custody pending trial in accordance with the Bail Reform Act of 1984, 18 U.S.C. § 3142(f).  The Defendant is charged in an Indictment, Case No. 4:20-cr-26, pending in the Southern District of Texas, Houston Division, with possession with intent to distribute 50 grams or more of methamphetamine ("meth"), in violation of 21 U.S.C. §§ 841 (a)(1) and (b)(1)(A)(viii). Assistant United States Attorney Jennifer Stabe appeared on behalf of the United States (the "Government"); CJA Attorney Tillet Mills appeared on behalf of Defendant.

Defendant's Background

Pretrial Services ("PTS") prepared a report after an interview of Defendant. He is 43 years old, born in Mexico, and has no legal status in the United States. There is an ICE detainer outstanding for him. He has no employment but worked construction and thought he could get a job. He has no residence. He emigrated to the United States when he was 7 and lived here until 2018. He reported having three brothers in Texas who are U.S. citizens.

Defendant's criminal history includes a felony conviction for conspiracy to possess with intent to distribute marijuana and felony illegal reentry. He was sentenced to 40 months in prison and supervised release on the drug charge. He was sentenced to 7 months for the illegal reentry charge. He was convicted five times for failure to identify. His parole was revoked twice, once on an illegal reentry charge and once on a misdemeanor drug charge. A family friend verified Defendant's information and was willing to serve as a third-party custodian but did not qualify.

PTS recommended detention.

Evidence Regarding the Pending Complaint

At the hearing, the Government offered testimony of a Special Agent ("Agent") with the Bureau of Alcohol, Tobacco, Firearms, and Explosives ("ATF"), concerning the investigation and the Defendants' subsequent arrest. The Court finds Agent's testimony to be credible. He testified to the following:

1.   Agent was familiar with Defendant and the charges leading to his arrest. Agent testified about an investigation that started in 2020 into firearms trafficking for a drug organization.  The investigating agents conducted surveillance in Houston in the Southern District of Texas into dealers of both firearms and narcotics. On December 2, 2020, the investigators used a confidential informant ("CI") to purchase drugs.

2.   During the CI's drug transaction, Defendant showed up at that location to pick up 1 kilo of methamphetamine. CI called out to the investigators to signal that Defendant was there picking up drugs. The investigators followed him. He drove as if trying to avoid being followed, making several stops, and waiting before driving on. He then drove to a restaurant, made a U-turn, and drove off at a high rate of speed. He was eventually stopped for driving erratically. The officer conducted a search and found 1 kilo of meth in his car.

3. Defendant was arrested and taken into custody. He indicated that he was willing to cooperate with the Drug Enforcement Agency ("DEA"). He gave the DEA agents his phone number and he was released. He agreed to return to engage in further discussions with the DEA. Defendant failed to contact the DEA. He ignored calls from the DEA. The DEA was unable to locate him at the address he provided. He was indicted in May 2021. He was arrested in June 2022. In the interim, the U.S. Marshal Service had the outstanding warrant for his arrest but did not find him. They believed Defendant was a transient without a personal residence.

4. Defendant was arrested in April 2022 in Burleson, Texas for possession of marijuana and failure to identify himself when he was stopped for a traffic violation. He gave a fictitious name and date of birth. He plead guilty to possession and failure to id charges. Government Exh. 1 is a copy of the judgment in Burleson County on both charges.

5. Defendant has been deported 4 times according to Customs and Border Patrol. There is a detainer on him, and ICE will proceed with removal proceedings if he is release.
Defendant did not put on any evidence.

Order

Based on the Indictment, the evidence presented at hearing, and the information in the Pretrial Services report, the Court concludes as follows:

(1) The evidence is overwhelming that Defendant committed the offenses with which he is charged, namely: possession with intent to distribute 50 grams or more of methamphetamine ("meth") in violation of 21 U.S.C. §§ 841 (a)(1) and (b)(1)(A)(viii).

(2) Pursuant to 18 U.S.C. § 3142(e), the drug charge, which carries a minimum 10 year sentence, creates a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of the community or Defendant's appearance as required. See United States v. Trosper, 809 F.2d 1107, 1110 (5th Cir. 1987) (presumption against pretrial release arises based on indictment's allegations).

(3) In addition to the presumption, the Government established by clear and convincing evidence that Defendant is a danger to the community such that he should be detained pending trial. See 18 U.S.C. § 3142(f) ("[A] finding . . . that no condition or combination of conditions will reasonably assure the safety of any other person and the community shall be supported by clear and convincing evidence."). The evidence establishes that Defendant took delivery of 1 kilo of meth and was arrested in possession of the drugs after a high-speed car chase, during which Defendant was driving erratically. He was previously convicted a felony conspiracy to possess with intent to distribute marijuana for which he served 40 months in prison, in addition to convictions for several misdemeanor marijuana charges. Being involved in drug trafficking is inherently dangerous to the community. Defendant failed to produce any evidence to show that he does not pose a danger to the community.

(4) In addition to the presumption, the Government established by a preponderance of the evidence that the Defendant is a flight risk because the penalty range for the charge at issue is for jail time of 10 years to life. Because the evidence of guilt is strong, this enhances the risk of flight. Defendant is a Mexican citizen. He has no legal status in the United States and ICE has a detainer against him. Since he was deported 4 times previously, the government will bring removal proceedings at a higher-level charge against Defendant. He lived in Mexico as an adult. Thus, Defendant could easily flee. He has no place to live if he were released. He does not have stable employment. He does not have a surety or suitable third-party custodian. He was a fugitive for a year before he was ultimately arrested on these charges.

(5) Defendant has not rebutted the presumption that he is a danger to the community or a flight risk. See United States v. Dominguez, 783 F.2d 702, 707 (7th Cir. 1986) (to rebut this presumption, a defendant can show that something about his individual circumstances suggests that "what is true in general is not true in the particular case," including evidence of his marital, family and employment status, ties to and role in the community, clean criminal record and other types of evidence encompassed in § 3142(g)(3)).

(6)   Thus, the Court finds that there are no conditions or combination of conditions that will reasonably assure safety to the community or Defendant's appearance such that it cannot safely release him on bond.

## Part IV - Directions Regarding Detention

The defendant is remanded to the custody of the Attorney General or to the Attorney General's designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.  The defendant must be afforded a reasonable opportunity for private consultation with defense counsel.  On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility must deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

Date:              06/21/2022                                          *Dena Palermo*

United States Magistrate Judge