```
 1                    UNITED STATES DISTRICT COURT
                       SOUTHERN DISTRICT OF TEXAS
 2                          HOUSTON DIVISION

 3   ***************************************************************

 4   UNITED STATES OF AMERICA        4:20-CR-00026-17

 5
     VS.                             HOUSTON, TEXAS
 6

 7   GUSTAVO GARZA-AVALOS            SEPTEMBER 10, 2024

 8
     ***************************************************************
 9
        TRANSCRIPT OF REVOCATION AND SENTENCING HEARING PROCEEDINGS
10           HEARD BEFORE THE HONORABLE LEE H. ROSENTHAL
                    UNITED STATES DISTRICT JUDGE
11
     ***************************************************************
12
     APPEARANCES:
13
     FOR THE GOVERNMENT:             MS. JENNIFER CHRISTINE STABE
14                                   U.S. Attorney's Office
                                     1000 Louisiana Street
15                                   Suite 2300
                                     Houston, Texas 77002
16

17   FOR THE DEFENDANT:              MS. LOURDES RODRIGUEZ
                                     Lourdes Rodriguez Law Firm
18                                   300 Fannin Street
                                     Suite 220
19                                   Houston, Texas 77002-2038

20   Official Court Reporter:        Lanie M. Smith, CSR, RMR, CRR
                                     Official Court Reporter
21                                   United States District Court
                                     Southern District of Texas
22                                   515 Rusk
                                     Room 8004
23                                   Houston, Texas 77002

24
            Proceedings recorded by mechanical stenography,
25   transcript produced via computer.
```

**P R O C E E D I N G S**

THE COURT: All right. We're here on a sentencing for both the criminal case and the revocation.

MS. RODRIGUEZ: The attorney for the revocation is not here yet, Judge.

THE COURT: All right. Do you want to wait for him? I'm happy to do so.

MS. RODRIGUEZ: No, we don't need to. It's two separate --

THE COURT: All right. Go ahead and state your appearances then, please.

MS. STABE: Jennifer Stabe for the government.

MS. RODRIGUEZ: Lourdes Rodriguez for Mr. Garza-Avalos.

THE COURT: Very good. And is the interpreter here? There you are.

The Court notes the presence of the interpreter. Thank you.

Ms. Rodriguez, have you and your client together gone over all of the presentence materials?

MS. RODRIGUEZ: I went to see him, Judge. I brought him information, case law about the questions that he has. He claims I didn't spend enough time with him.

I went to see him, I guess, last week and then Saturday and brought him a copy of the amendments for 2024. They don't address either the importation or exportation and

|  |  |
|---|---|
| 1 | they don't address the other questions that he had with the |
| 2 | criminal history. |
| 3 | So I gave him the case law and the new amendments |
| 4 | and I find that in this case for the ten years to count, they |
| 11:06AM  5 | count backwards from the date the offense was committed and in |
| 6 | his case it was December, not the date of the arrest and |
| 7 | therefore, the probation was correct. |
| 8 | THE COURT: All right. You did also object to the way |
| 9 | in which methamphetamine amounts are calculated. |
| 11:07AM  10 | MS. RODRIGUEZ: Yes. |
| 11 | THE COURT: Your objection is noted. It is overruled |
| 12 | because the Sentencing Commission has provided the method that |
| 13 | is used and that is the method that I will use. |
| 14 | Obviously considering the 3553(a) factors allows |
| 11:07AM  15 | me to consider the appropriate sentence, even taking into |
| 16 | account the amount of methamphetamine that is calculated as |
| 17 | part of the defendant's relevant conduct. |
| 18 | So I know that you had asked, Ms. Rodriguez, for |
| 19 | an offense level of 29 -- |
| 11:08AM  20 | MS. RODRIGUEZ: Yes. |
| 21 | THE COURT: -- which would result -- if the criminal |
| 22 | history was reduced on a variance to a five rather than a |
| 23 | six -- |
| 24 | MS. RODRIGUEZ: Correct. |
| 11:08AM  25 | THE COURT: -- that would result in a 210- to |

```
 1              262-month -- no, wait.  Let me make sure I'm right on this.
 2                      If the offense level is a 29 and we are looking
 3      at a criminal history of five, then we are looking at a 140- to
 4      175-month range.
 5                      If we take the government's position and leave
 6      both the criminal history category and the offense level as is,
 7      then we're looking at 235 to 293 months.
 8                      I believe we may have covered this at the prior
 9      hearings, but I'm not going to impose a fine.  There's no
10      ability to pay.
11                      Does the government ask me to remit the special
12      assessment?
13              MS. STABE:  We can, Your Honor.  We can remit the
14      special assessment.
15              THE COURT:  All right.  So ordered.
16                      Thank you.
17                      All right.  At this time I'd like to hear from
18      Mr. Garza-Avalos and from counsel.
19                      I would note that the revocation that is also
20      before me, the range here is 46 to 57 months.
21              THE INTERPRETER:  I'm sorry, Your Honor?
22              THE COURT:  46 to 57 months.
23              MS. RODRIGUEZ:  I will let the client talk first.
24              THE COURT:  Go ahead, please, sir.
25              THE DEFENDANT:  What I would like to say, Your Honor,
```

|  |  |
|---|---|
|  | 1   there are certain things that I do not agree with that are |
|  | 2   happening in my case. |
|  | 3            In the first place, my attorney has not come to |
|  | 4   see me continually so that we can speak about the case.  Of the |
| 11:10AM | 5   time that I'm given, 30 days, she has only come once to see me. |
|  | 6            And when I want to say something to her so that |
|  | 7   we can discuss this in front of me, she doesn't do it. |
|  | 8            There are certain things here that I do not agree |
|  | 9   with.  I can show you, please.  For eight months, she didn't |
| 11:11AM | 10  come to see me.  She only came to see me last month.  In those |
|  | 11  eight months, I could have covered all this. |
|  | 12           And she has not reviewed my documents.  I am |
|  | 13  forcing her to do this. |
|  | 14           THE COURT:  All right.  Mr. Garza-Avalos -- |
| 11:11AM | 15           THE DEFENDANT:  Yes. |
|  | 16           THE COURT:  -- what is it that you want me to consider |
|  | 17  in imposing sentence? |
|  | 18           THE DEFENDANT:  This here. |
|  | 19              May I pass this on to you, Your Honor? |
| 11:11AM | 20           THE COURT:  Yes. (Reviewing.) |
|  | 21           I do know your request for a continuance was |
|  | 22  granted, so we've taken care of that. |
|  | 23           In addition, based on your attorney's capable |
|  | 24  arguments, I am, as a variance, reducing the criminal history |
| 11:12AM | 25  category from a six to a five.  That is obviously beneficial to |

1   you because it reduces the sentencing exposure that you face.
2               Your attorney has also asked me to consider
3   whether the guideline range that applies in your case should be
4   reduced even below 210 months, which is the low end of the
5   guidelines as it would currently be calculated.  Your attorney
6   would like me to go down far enough to result in a 140-month
7   sentence at the low end.
8               So your attorney is doing a great deal to ask me
9   to consider ways in which your sentence could be reduced below
10  235 months, which is what the guideline range would call for.
11              So I have considered what your communications to
12  your lawyer raise and I think that all of these points have
13  been fully taken care of.
14              So to the extent you're asking me for yet another
15  continuance, that's denied.
16              What else would you like to say, sir?
17          THE DEFENDANT:  I have nothing else to say.
18              I would like to ask, Your Honor, have you
19  received the letter that my daughter sent you?
20          MS. RODRIGUEZ:  I think there was a docket entry,
21  Your Honor.
22          THE COURT:  What's the number?
23          MS. RODRIGUEZ:  I don't know if I saw that.  I know
24  because I asked him -- it was not through me so I couldn't
25  bring it to the Court.

```
                    THE COURT:  Was it docketed?
                    MS. RODRIGUEZ:  Pardon me?
                    THE COURT:  Was it docketed?
                    MS. RODRIGUEZ:  I don't know.
                    THE COURT:  All right.  Ms. Eddins will make sure that
         I have it before me.
                    MS. RODRIGUEZ:  Okay.
                    THE COURT:  Thank you.  Is there anything else that you
         wanted to say, sir?
                    THE DEFENDANT:  I find nothing else to say.
                    THE COURT:  All right.  Ms. Rodriguez, what would you
         like to say?
                    MS. RODRIGUEZ:  Your Honor, I think we argued the last
         time when I requested 120 months based on the disparity of the
         sentencing amount in the circuits.  I believe that my client,
         regardless of his insistence, has received the best possible in
         everything that we had done there.
                    Still, I think that a departure is proper in this
         case.  I think the characteristics call for something less than
         what's required by the guidelines.
                    Thank you, Your Honor.
                    THE COURT:  Thank you.
                    Government?
                    MS. STABE:  Thank you, Your Honor.
                    You know, I understand that Mr. Garza-Avalos has
```

1  not been happy with the way that the PSR has turned out and I
2  just want to make a couple of things clear for the record, that
3  in this case I know that he was asking about the amendments,
4  but the zero-point offender does not apply to him in this case
5  because of his criminal history.
6     And, you know, the Court obviously, as you
7  already ruled, is already taking into consideration the
8  criminal history and reducing that from a six to a five, which
9  lowers his possible range of punishment.
10    I know he also has some arguments about the plea
11 agreement. And just kind of for the record, you know, it was
12 myself, his previous defense attorney, case manager
13 Shannon Jones and Judge Sheldon were all present when he signed
14 the plea agreement.
15    And if there's any need for it, Mr. Mills, his
16 previous defense attorney, is present outside the courtroom.
17 But I think that the record speaks for itself that the plea
18 agreement was signed freely and voluntarily in this case.
19    With regards to the revocation, I think that the
20 evidence is clear because the allegation is that he committed a
21 new law violation and the fact that we're here today for his
22 sentencing and that he pled guilty proves that up as well. In
23 that case, we would just be asking for the low end of the
24 guideline range of 46 months for that revocation.
25    As far as his sentence in this case, our position

1  is that a guideline sentence of 210 months is appropriate.
2  This defendant went to a location, he bought a kilogram of
3  methamphetamine.  He intended to use that.
4          The purity is in place for a reason.  Buying
5  1 kilogram of almost 100 percent pure methamphetamine is not
6  the same as getting a mixture and substance of meth.  It's much
7  more dangerous, it's more deadly.  It can be distributed into
8  many more individual dosage units than a mixture and a
9  substance and so our position is that is why these guideline
10 ranges are what they are and are different from a mixture and
11 substance.
12          And additionally, the reason the sentence, this
13 guideline range is 210 to 262 months is because of the
14 defendant's conduct.  He has chosen to continue to commit
15 offenses over and over and over again and that is why his
16 criminal history category is so high.
17          He has been to federal prison before for a
18 sentence of 40 months.  He's had run-ins related to narcotics
19 previously and he has multiple, multiple illegal reentries.
20          And so based on all of the factors in this case,
21 we feel that the low end of the guidelines of 210 months is
22 appropriate, Your Honor.
23       THE COURT:  Do you want the 46 months to run
24 concurrently or consecutively or a combination?
25       MS. STABE:  Your Honor, we would be completely fine if

```
 1    they ran concurrently.
 2            MS. RODRIGUEZ:  I'm sorry, Judge.  Are you referring to
 3    the supervised release?  Are you referring to the supervised
 4    release case?
 5            THE COURT:  No -- yes, I was referring to the
 6    revocation.
 7            MS. RODRIGUEZ:  Because I believe it cannot run
 8    concurrent, but it can be divided.
 9            THE COURT:  All right.  Anything further?
10            MS. RODRIGUEZ:  No.
11            THE COURT:  I have read the letter from your daughter.
12    It is obviously made part of this record.  It's filed at Docket
13    Number 881.
14            And just so our record is clear, I don't see any
15    need or legal requirement for an evidentiary hearing on the
16    presentence report and we have already resolved the counsel
17    issue.
18            May I see probation for a moment, please.
19            (Off-the record discussion.)
20            THE COURT:  The Court has had an opportunity to look at
21    this case several times and to consider all of the arguments
22    raised in light of the defendant's current conviction and his
23    criminal history.
24            As noted, that criminal history is of concern.
25    The defendant has a strong association with trafficking not
```

1  only drugs but also weapons.  He is being held accountable for
2  close to a thousand grams of pure methamphetamine and that is
3  appropriate given all of the circumstances disclosed by this
4  record.
5            The government has asked me for essentially a
6  210-month sentence and the defense has asked me to go
7  significantly below that.
8            Here is the sentence that I think is as close as
9  I can come to addressing the sentencing guideline objectives
10 and the 3553(a) factors.
11           I think the defendant wants to say something
12 more.
13           Go ahead, sir.
14           THE DEFENDANT:  I want to say that I have nothing,
15 nothing to do with a firearms charge.
16           THE COURT:  Your offense of conviction is part of this
17 record.
18           All right.  The Court believes that an appropriate
19 sentence in this case on the conviction that stands before me
20 is 160 months; 46 months on the revocation.  And of those
21 46 months, 23 months are to run concurrently with the
22 160 months and 23 months to run consecutively for a total time
23 in prison of 183 months.
24           When you are released from prison, you will be
25 placed on supervised release subject to any detainer for your

1       removal from this country.
2                   Within 72 hours of your release from the custody
3       of the Bureau of Prisons, you must report in person to the
4       probation office in the district to which you are released.
11:25AM 5           While you are on supervised release, you must not
6       commit any federal, state or local crime and you must comply
7       with all the standard conditions adopted by this Court under
8       General Order Number 2017-01, abide by any mandatory conditions
9       required by law, and comply with the following additional
11:25AM 10      conditions:
11                  You must immediately report, continue to report
12      or surrender to U.S. Immigration and Customs Enforcement and
13      follow all of their instructions and reporting requirements
14      until any deportation proceedings are completed.
11:25AM 15          If you are ordered deported from the
16      United States, you must remain outside the United States unless
17      legally authorized to reenter.  If you do reenter, you must
18      report to the nearest probation office within 72 hours after
19      you return.
11:25AM 20          You must seek proper documentation from the U.S.
21      Immigration and Customs Enforcement authorizing you to work in
22      the United States.
23                  You must participate in an outpatient substance
24      abuse treatment program and follow all the rules and
11:26AM 25      regulations of that program.  The probation officer will

supervise your participation in the program, including the provider, the place, the type, how long it lasts and how intense it is.  You must pay the costs of the program if financially able to do so.

You must submit to substance abuse testing to determine if you've used a prohibited substance.  You must pay the costs of the testing if financially able.  You may not attempt to possess or to obstruct or tamper with the testing methods.

You must not possess any controlled substances without a valid prescription and if you do have a valid prescription, you must follow the instructions on the prescription.

We've already dealt with the fine and with the special assessment.

Are there any requests that the defense has on a designation of a facility?

Ms. Rodriguez?

MS. RODRIGUEZ:  Yes.

THE COURT:  Any requests for a recommendation on what facility?

MS. RODRIGUEZ:  I believe, Your Honor, his daughter is here in Houston, so anything close to Houston.

THE COURT:  Okay.  I'll recommend --

MS. RODRIGUEZ:  He needs to be admonished of the right

```
                 1   to appeal.
                 2           THE COURT:  I'll make a recommendation for designation
                 3   to a facility close to Houston.
                 4           MS. RODRIGUEZ:  Okay.
         11:27AM 5           PROBATION OFFICER:  Yes, Your Honor.  And I apologize,
                 6   but I missed the term of supervised release, the number of
                 7   years that the Court placed him on.
                 8           THE COURT:  Five years.
                 9           THE PROBATION OFFICER:  Your Honor, if I may,
         11:28AM 10  Jarrod Shaw for the revocation matter in Case 2:15-cr-17.
                 11              To clarify for the record, the Court found that
                 12  he violated both 1 and 2?
                 13          THE COURT:  Yes.  And supervised release is revoked if
                 14  that's what you were looking for.
         11:28AM 15          PROBATION OFFICER:  And there will be no further
                 16  supervised release?
                 17          THE COURT:  None.
                 18          PROBATION OFFICER:  Thank you, Your Honor.
                 19          THE COURT:  Thank you.
         11:28AM 20              Anything further?
                 21          (No response.)
                 22          THE COURT:  You do have a right to appeal, sir.  If you
                 23  want to file an appeal, you must file your notice of intent to
                 24  do so within 14 days from the date the judgment is entered.  If
         11:28AM 25  you want a lawyer to represent you on an appeal and cannot
```

```
                                                                      
1     afford one, you may ask the Court to appoint one.
2              Do you understand those rights?
3         THE DEFENDANT:  Yes.
4         THE COURT:  Thank you very much.
5         MS. RODRIGUEZ:  Thank you, Your Honor.  May I be
6     excused?
7         THE COURT:  You may.  Thank you.
8         MS. STABE:  Thank you, Your Honor.
9         THE MARSHAL:  All rise.
10             (The proceedings were adjourned.)
11                        * * * *
12                   REPORTER'S CERTIFICATE
13             I, Lanie M. Smith, CSR, RMR, CRR, Official
      Court Reporter, United States District Court, Southern District
14    of Texas, do hereby certify that the foregoing is a true and
      correct transcript, to the best of my ability and
15    understanding, from the record of the proceedings in the
      above-entitled and numbered matter.
16
17                             /s/ Lanie M. Smith_____
                               Official Court Reporter
```

11:28AM (at line 5)